IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN YOUNG, | ) | Cause No. CV 06-89-BU-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE |
| DR. VIRGINIA L. HILL; ED AMBERG, | ) | JUDGE TO GRANT DEFENDANTS' |
| et al., | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Defendants' Motion for Summary Judgment.

(Document 30).  Plaintiff was served with a Notice and Warning to pro se litigants pursuant to

Local Rule 56 and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (Document 30-10), but he has

not filed a response to Defendants' Motion.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-06CV89-SEH-RKS / PAGE 1

## I.  STATEMENT OF THE CASE

### A.        Jurisdiction

Plaintiff filed his civil complaint against the Montana State Hospital and employees

thereof seeking to recover for alleged constitutional violations arising from his treatment at

Montana State Hospital in Warms Springs, Montana.  The Court has construed Plaintiff's claims

as being brought under the Fourteenth Amendment to the United States Constitution.

Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.        Parties

Plaintiff Gregory Allen Young was committed to the Director of the Department of

Public Health and Human Services by the Montana Thirteenth Judicial District Court,

Yellowstone County, by Order finding Plaintiff not guilty by reason of mental disease and/or

defect and for disposition and for commitment pursuant to § 46-14-301, MCA, dated September

27, 2005 and by Order for Commitment dated June 9, 2006.  (Document 15–Defendants'

Answer, p. 2, ¶ 1).

Plaintiff was found "not guilty" pursuant to state law and is therefore a civil detainee in

the custody of the Director of the Department of Public Health and Human Services. (Document

15–Defendants' Answer, p. 2, ¶ 3).

The named Defendants are:  Attorney Penelophie Strong, Virginia Lee Hill, M.D.,

Montana State Hospital–Administration, State of Montana, Ed Amburg, Nurse Tieona, Nurse

Nancy, and Linda.  The Court previously determined that although Plaintiff named three nurses

and an attorney as defendants, none of his allegations concerned those persons.  Accordingly,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-06CV89-SEH-RKS / PAGE 2

only Defendants Hill and Amberg were required to make an appearance in this matter.

(Document 10, p. 2).

### C. Plaintiff's Allegations

Liberally construed, Plaintiff alleges that his civil rights are being violated by Defendants'

administration of psychotropic drugs against his will.  Plaintiff further contends that he suffers

from allergic reactions to these drugs which has caused liver pain, loss of movement in his hands

and feet, loss of speech and thinking and occasional fevers.  (Document 1–Complaint, p. 5, ¶ V).

The Court originally construed Plaintiff's Complaint as alleging violations of the

Fourteenth Amendment right to due process and the Eighth Amendment right to adequate

medical care and protection from health risks, as incorporated upon the States through the

Fourteenth Amendment.  (Document 10, pp. 2-3 citing *Farmer v. Brennan*, 511 U.S. 825, 837

(1994); *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Washington v. Harper*, 494 U.S. 210,

227, 231 (1990); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

However, Defendants having now clarified that Plaintiff was found not guilty due to

mental illness, the Eighth Amendment is not the proper vehicle to challenge Plaintiff's

conditions of commitment.  *Hydrick v. Hunter*, 500 F.3d. 978, 994 (9th Cir. 2007).  However,

Plaintiff's denial of adequate/proper medical care claim is still viable under the Fourteenth

Amendment's substantive due process clause which is at least as coextensive with the standards

applicable to prisoners under the Eighth Amendment. *Hydrick*, 500 F.3d at 994.  "The Eighth

Amendment still provides a floor for the level of protection that [civil committees] must receive

under the Fourteenth Amendment, and because the contours of the Eight Amendment are more

defined, Eighth Amendment jurisprudence may provide helpful guidance as to the standards to be

applied." *Hydrick*, 500 F.3d at 998.

### D.  Factual Background[1]

Plaintiff was committed to the Montana State Hospital (MSH) by a court with jurisdiction

under state law, after a finding of Not Guilty by reason of mental illness, of a felony charge of

Assault on a Peace Officer.  (Document 15-2, 15-3).  The committing court found that Plaintiff

suffers from a mental illness that renders him a danger to himself and others (Document 15-2,

page 2, Document 15-3, page 1).  Plaintiff is under the care of a qualified, board-certified

psychiatrist.  (Document 30-2, Statement of Undisputed Facts 1, 2, 5, 6, 7; Exhibit 1–Affidavit of

Virginia Hill, M.D., ¶ 1-2).

There is no evidence, either during the time Plaintiff has been a patient at MSH or from

any other medical records obtained from other institutions, that Plaintiff has any allergies to

psychotropic medication.  He has consented to and received prescribed medication throughout

his commitment without evidence of allergic reactions.  (Document 30-2, Statement of

Undisputed Facts 23, 24, 25; Exhibit 1–Affidavit of Virginia Hill, M.D. ¶ 5,6,15).

Plaintiff has been involuntarily medicated on only three occasions over more than two

years, each time for less than 72 hours, upon the orders of his treating psychiatrist (Document 30-

2, Statement of Undisputed Facts 17; Exhibit 1–Affidavit of Virginia Hill, M.D. ¶ 10-14, 16),

and based upon behavior that the psychiatrist determined constituted an emergency situation

---

[1]As Plaintiff has not responded to Defendants' Motion, the factual background of the case
has been taken directly from Defendants' statement of the factual record. (Document 30-3:  Brief
in Support of Motion for Summary Judgment, pp. 2-3).

involving threats of physical harm to others in the treatment environment.  (Document 30-2,

Statement of Undisputed Facts 10-19; Exhibit 1–Affidavit of Virginia Hill, M.D. ¶10-14).

Otherwise, Defendant has been found competent to make treatment decisions and has been

permitted to accept or refuse medications at will. (Document 30-2, Statement of Undisputed

Facts 8, 9, 14, 15, 20, 21, 22; Exhibit 1–Affidavit of Virginia Hill, M.D. ¶ 7-9, 14-16).

## II. ANALYSIS

### A.  Standard

A party is entitled to summary judgment if that party can demonstrate "that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the

documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of

the basis of its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, that it believes

demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the

party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but

. . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477

U.S. at 248.  The non-moving party may do this by use of affidavits (including his own),

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-06CV89-SEH-RKS / PAGE 5

depositions, answers to interrogatories, and admissions.  *Id*.  Only disputes over facts that might

affect the outcome of the suit under the governing law are "material" and will properly preclude

entry of summary judgment.  *Anderson*, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or

determine the truth of the matter, but to determine whether there is a genuine issue for trial.

However, if the evidence is merely colorable or is not significantly probative, summary judgment

may be granted.  *Id*. at 249-50.

> The mere existence of a scintilla of evidence in support of the [non-moving
> party's] position will be insufficient; there must be evidence on which the jury
> could reasonably find for the [non-moving party].  The judge's inquiry, therefore,
> unavoidably asks whether reasonable jurors could find by a preponderance of the
> evidence that the plaintiff is entitled to a verdict.

*Id*. at 252.

In civil rights cases and in the context of a motion for summary judgment where a litigant

is proceeding pro se, the court has an obligation to construe pro se documents liberally and to

afford the pro se litigant the benefit of any doubt.  *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct

2197, 2200 (2007) (per curiam); *Baker v. McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th

Cir. 1988).

Plaintiff did not file a response to Defendants' Motion for Summary Judgment.  Local

Rule 7.1(i) provides that a failure to file a brief by the opposing party shall be deemed an

admission that the motion is well taken.  However, the Ninth Circuit has held that, "[a] district

court may not grant a motion for summary judgment simply because the nonmoving party does

not file opposing material, even if the failure to oppose violates a local rule.  However, when the

local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994)(per curiam)(internal citations omitted).

Given that Plaintiff is committed to the state mental hospital and has raised allegations of forced medication, the Court will not deem Plaintiff's failure to respond as consent to the motion and will review Defendants' Motion to determine whether summary judgment is appropriate.

**B. Merits**

As set forth above, the Court perceives two possible Fourteenth Amendment claims. First, Plaintiff has alleged a due process claim in being medicated with antipsychotic medications against his will.  Secondly, and somewhat encompassed with the first claim, are Plaintiff's allegations of inadequate medical treatment based upon what he contends to be allergic reactions to the medications.  The analysis of both claims comes under the substantive due process clause of the Fourteenth Amendment of the United States Constitution.  Given the testimony of Dr. Hill and a review of Plaintiff's medical records produced by Defendants, the Court finds that there is insufficient evidence to overcome Defendants evidence that Plaintiff was and is being treated appropriately for his mental health condition.

In pertinent part, the Fourteenth Amendment provides that a State cannot deprive "any person of life, liberty, or property, without due process of law . . . " U.S. Const., Amdt. 14, § 1. The United States Supreme Court has held that, "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if

the inmate is dangerous to himself or others and the treatment is in the inmates' medical

interest." *Washington v. Harper*, 494 U.S. 210, 227, 110 S.Ct. 1028, 1039-1040 (1990).

Based upon Defendants' uncontroverted evidence, the state district court made the

determination that Plaintiff suffers from a mental illness that renders him a danger to himself and

others. (Documents 15-2; 15-3).  Defendants have presented the testimony of Dr. Virginia Hill, a

board-certified forensic psychiatrist.  Dr. Hill testified that Plaintiff was free under most

circumstances to decline medication.  It was only in emergency circumstances that he was

prescribed involuntary medications for a limited period of 72 hours each time.  Dr. Hill was

Plaintiff's primary physician prescribing psychotropic medications.  According to Dr. Hill

Plaintiff "has had the capacity to give informed consent to medication, and has for the most part

accepted the administration of psychotropic medications." (Document 30-4:  Hill Affidavit, p. 3,

¶ 8).  Defendants acknowledge and Plaintiff's medical records confirm that Plaintiff was at times

reluctant to take his medications and has been non-compliant (due to "cheeking his medications"

or vomiting his medications) with self medication.  He was therefore placed on a crushed

medication program several times while at MSH.  (Document 30-4:  Voluminous Medical

Records, p. 2486).

Despite this reluctance, the medical records support Dr. Hill's affidavit testimony that

Plaintiff has only been forcibly medicated on a few occasions and then only for 72 hours.

Defendant has satisfied the Court that on the few occasions where Plaintiff has been treated with

antipsychotic drugs against his will, it was done because in their medical judgment Plaintiff was

a danger to himself or others and the treatment was in the inmates' medical interest.  *See Harper,*

494 U.S. at 227.  Accordingly, there was no due process violation.

While Plaintiff's complaint alleges harmful effects from the medications, Dr. Hill's

uncontroverted testimony is that Plaintiff has been physically examined at the hospital medical

clinic and he has not been diagnosed with liver or circulation problems as alleged in Plaintiff's

Complaint.  Further Dr. Hill has given affidavit testimony that, "[t]here have been no

documented incidents of typical allergic reactions to any prescribed medications while at

Montana State Hospital, and no record of such reactions in records obtained by MSH staff from

previous health care providers."  (Document 30-4, p. 5).  Given that Plaintiff has not provided

any testimony or evidence to dispute Dr. Hill testimony, the Court must accept that Plaintiff is

not suffering allergic reactions to his medications.

Finally, Plaintiff has requested injunctive relief in this matter, seeking to have the Court

ban the use of the antipsychotic drugs on him.  Injunctive relief is appropriate when a party

demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the

balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v.

MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).

Plaintiff has not presented evidence that he has or will suffer irreparable injury and the Court will

not interfere with Plaintiff's treatment plan absent some proof of such injury.  According to Dr.

Hill, since approximately November 27, 2006, Plaintiff has consented to continue his

psychotropic medication.  There is no evidence before the Court that these medications are

causing harm to Plaintiff.  Accordingly, no injunctive or prospective relief should be granted in this matter

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Defendants' Motion for Summary Judgment (Document 30) should be **GRANTED** and Plaintiff's Complaint should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 1st day of May, 2008.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-06CV89-SEH-RKS / PAGE 10